IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jamal Johnson,                                  Case No. 3:11 CV 2432

                Plaintiff,        MEMORANDUM OPINION
                                    AND ORDER

   -vs-
                                              JUDGE JACK ZOUHARY

Correctional Officer Kunz, et al.,

                Defendants.

## INTRODUCTION

*Pro se* Plaintiff Jamal Johnson filed this action under 42 U.S.C. § 1983 against Toledo Correctional Institution (ToCI) Correctional Officer Kunz, ToCI Warden Michael Smith, ToCI Captain Jenkins, and ToCI Correctional Officer Gross (Doc. No. 1). Plaintiff alleges he was assaulted by Kunz. He seeks monetary relief.

## BACKGROUND

Plaintiff claims Kunz assaulted him on two occasions. The first incident occurred on January 6, 2011. Plaintiff does not provide any factual allegations to describe what occurred. He indicates he filed an informal complaint concerning the incident to Captain Jenkins on January 7, 2011. He contends the grievance should have placed the Warden on notice of Kunz's violent tendencies (Doc. No. 1 at 4).

The second incident occurred on January 12, 2011. Plaintiff claims he was attempting to take juice and coffee from his breakfast tray on the cuffport in the cell door. Kunz grabbed his wrist, bent it down, and slammed his weight against it causing it to snap. Plaintiff alleges Gross witnessed the incident and made no attempt to stop Kunz. Gross also sprayed Plaintiff with pepper spray at Kunz's request (Doc. No. 1 at 4–5).

Plaintiff claims he did not immediately receive medical attention. His wrist was x-rayed a few hours after the incident, and a fracture was detected. He was given a soft splint on January 13, 2011 which he wore for eight days before it was removed. He then went without a cast until January 27, 2011 when a hard cast was placed on the his wrist (Doc. No. 1 at 5). Plaintiff contends he was subjected to cruel and unusual punishment (Doc. No. 1 at 6).

## STANDARD OF DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Moreover, an *in forma pauperis* claim may be dismissed *sua sponte* without notice or service of process if the court invokes Section 1915(e) and dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-

2

harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Second, Plaintiff must establish a subjective element demonstrating the prison officials acted with a sufficiently culpable state of mind to cause the deprivation. *Id.* To meet this standard, the official must act with "deliberate indifference" which is characterized by obduracy or wantonness -- the actions cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff alleges two Eighth Amendment violations: use of excessive force and denial of adequate medical care. This Court first looks to the seriousness of the deprivation to determine if the objective component of the claim is met. *Hudson*, 503 U.S. at 8. In the context of excessive force, society's expectations are different. *Id.* at 9. When prison officials use force with malice to

3

cause harm, contemporary standards of decency are violated regardless of the extent of the resulting injury. *Id.* That is not to say every push or shove by a prison guard gives rise to a federal cause of action. *Id.* This Court must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 7 (citation omitted).

Here, Plaintiff has met the objective requirement, adequately pleading the force used violated the Eighth Amendment. However, he must still satisfy the subjective element of the claim by alleging each Defendant acted with a sufficiently culpable state of mind to inflict the injury. Plaintiff alleges Kunz intentionally pulled his wrist through the cuffport and slammed against it. He alleges Gross watched the incident unfold and did not intervene. He further alleges Gross sprayed him with pepper spray. These allegations, if true, suggest Kunz and Gross possessed the requisite mental state to support an Eighth Amendment claim for use of excessive force.

Plaintiff attempts to extend his excessive force claim to include Jenkins and Smith. He alleges he was assaulted by Kunz six days before the incident in question occurred, and filed an informal complaint. He contends this should have placed Jenkins and Smith on notice that Kunz had violent tendencies. The subjective component of an Eighth Amendment claim requires Plaintiff to show Defendants knew of, and acted with deliberate indifference to, an inmate's health or safety. *Wilson*, 501 U.S. at 302–03. To meet this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." *Farmer*, 511 U.S. at 837. While Plaintiff suggests Jenkins and Smith should have been aware of Kunz's behaviors, there are no allegations in the Complaint suggesting they knew of the first assault and actually drew the inference that the officer posed a danger to Plaintiff's

4

safety. Plaintiff has not satisfied the subjective component of his Eighth Amendment claims against Jenkins and Smith.

Plaintiff also includes Eighth Amendment claims for denial of medical care. Here, he fails to allege any facts satisfying the subjective component. He states a nurse came to his cell and refused to provide treatment at that time. He states he waited six days after the splint was removed by medical personnel before the hard cast was placed on his wrist. None of these allegations reasonably suggest the Warden, the Captain, or either Correctional Officer was aware of the medical treatment Plaintiff was receiving, or acted with deliberate indifference to his health.

## CONCLUSION

Accordingly, Plaintiff's Eighth Amendment claims for use of excessive force against Smith and Jenkins are dismissed under 28 U.S.C. § 1915(e). His Eighth Amendment claims for denial of medical care are dismissed against all Defendants. This Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely on Plaintiff's Eighth Amendment claims for use of excessive force against Kunz and Gross. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this Order in the documents to be served upon Kunz and Gross.

IT IS SO ORDERED.

                                                  s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

February 29, 2012